IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **ANDY LAMAR ALLMAN** | ) | CASE NO. 17-03085-CW3-7 |
| | ) | |
| Debtor | ) | |
| | ) | |
| **ROBERT H. WALDSCHMIDT, TRUSTEE** | ) | |
| | ) | |
| Plaintiff | ) | ADV. PROC. NO. |
| | ) | |
| vs. | ) | |
| | ) | |
| **ANDY LAMAR ALLMAN** | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT TO DENY DISCHARGE

Comes now the Trustee in the above-captioned matter, and files this action against the Debtor to deny his discharge under 11 U.S.C. §727(a), and would state as follows:

1. Andy Lamar Allman ("Debtor") filed a voluntary petition under Chapter 13 on May 3, 2017; that case was converted to Chapter 7 on July 28, 2017, and Robert H. Waldschmidt ("Trustee") was appointed as trustee in the Chapter 7 proceeding.

2. Pursuant to order of the Court on July 10, 2017 (Docket #22), the Court ordered the Debtor to "file with the Clerk of the Court on or before July 19, 2017, all verified statements and schedules required under Chapter 13 of the Bankruptcy Code."

3. The Debtor did not comply with the Court's July 10, 2017 order, and did not file any schedules or documents with the Court until December 11, 2017.

4. At the §341 hearing on February 12, 2018, the Debtor was asked several questions concerning the disposition of funds which had been delivered to him, in trust for clients.

5. The Debtor offered no explanation, and instead pleaded his rights under the 5th Amendment.

6. The Debtor has not explained his losses of assets.

7. The Debtor entered into a loan agreement with Roger Sindle in 2016, whereby he pledged personal property as collateral; the funds were allegedly paid to the Debtor through several cashier's checks.

8. At the §341 hearing on February 12, 2018, the Debtor was asked about the cashier's checks, and testified that the cashier's checks were not made payable to him, but to various different creditors/parties.

9. When asked if he had copies of those cashiers checks, or any records relating to those checks, the Debtor indicated that he did not have any records related to that transaction.

PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. That process issue against the above-captioned Defendant, and that he be required to appear and defend this action.

2. That the Court deny the discharge of the Debtor pursuant to 11 U.S.C. §727(a)(6) for his failure to comply with a lawful Court order.

3. That the Court deny the discharge of the Debtor pursuant to 11 U.S.C. §727(a)(5) for his failure to explain the losses of assets.

4. In the alternative, in the event that the Debtor does satisfactorily explain the disposition of funds placed under his control, and if the disposition of said funds constitutes a transfer with actual intent to hinder, delay, or defraud his creditors, that the Court deny the discharge of the Debtor pursuant to 11 U.S.C. §727(a)(2) as a fraudulent conveyance.

5. That the Court deny the discharge of the Debtor pursuant to 11 U.S.C. §727(a)(3), for his failure to keep adequate records of the Roger Sindle transaction.

6. For such other and further relief as is appropriate.

RESPECTFULLY SUBMITTED,

*/s/ Robert H. Waldschmidt*
**ROBERT H. WALDSCHMIDT**   #4657
   Attorney for Trustee
P.O. Box 2828
Brentwood, TN 37024-2828
615-468-1020    Fax: 615-259-2179
rhw@rhwlawoffice.com

Henry E. ("Ned") Hildebrand, IV
DUNHAM HILDEBRAND, PLLC
1704 Charlotte Avenue, Suite 105
Nashville TN 37203

Andy Lamar Allman
639 Bonita Parkway
Hendersonville, TN  37075